IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CARRIE MAYO, ) | |
| ) | Case No. 4:20-cv-99 |
| Plaintiff, ) | |
| v. ) | Circuit Court of Jackson County, |
| ) | Missouri, Case No. 1916-CV23439 |
| QUIKTRIP CORPORATION, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## NOTICE OF REMOVAL

TO: The Honorable Judges of the United States District Court for the Western District of Missouri; and

Kirk R. Presley
Matthew A. McCoy
4801 Main Street, Suite 375
Kansas City, MO 64112
kirk@presleyandpresley.com
matthew@presleyandpresley.com
*Attorneys for Plaintiff*

PLEASE TAKE NOTICE that Defendant QuikTrip Corporation ("QT"), by and through counsel, hereby removes the above-captioned action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.

Removal to this Court is proper under 28 U.S.C. §§ 1441, 1446 and 1332(a). Removal is based on the grounds that follow.

### DIVERSITY OF CITIZENSHIP

1. On August 27, 2019, the above-captioned case was commenced by Plaintiff in the Circuit Court of Jackson County, Missouri, Case No. 1916-CV23439.

2. Summons was issued to QT and service of process was effectuated. A complete copy of the State Court file is attached hereto as **Exhibit A**.

3. Plaintiff alleges she sustained personal injuries from slip and fall on liquid at a QT store on or about May 10, 2018. She alleges that QT was negligent and breached its duty in several respects. (*See* Exhibit A, Petition, ¶¶ 6-14).

4. Plaintiff is a resident of the state of Missouri. (*See* Exhibit A, Petition, ¶1).

5. QT is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

6. Complete diversity of citizenship, therefore, exists for purposes of 28 U.S.C § 1332.

## AMOUNT IN CONTROVERSY

7. Plaintiff's Petition for Damages does not allege a specific monetary amount she seeks for damages beyond claiming "[t]he amount in controversy exceeds $25,000, exclusive of interest and costs." (*See* Exhibit A, Petition, "wherefore" clause).

8. Plaintiff alleges broadly that the incident resulted in injuries including "past and future pain and suffering; lost enjoyment of life; incontinence; injuries to her back, tailbone, elbow and lower ribs; future medical expenses; and loss of wages." (*See* Exhibit A, Petition, ¶16). Plaintiff's Petition does not provide any additional detail about the specific nature and extent of her claimed injuries.

9. QT served its First Set of Interrogatories on Plaintiff on December 10, 2019. *See* Exhibit A, Certificate of Service). Plaintiff answered on or about January 15, 2020. *See* Exhibit A, Certificate of Service). In response to QT's Interrogatory asking whether Plaintiff seeks more than $75,000 in this lawsuit, Plaintiff responded "Yes." (*See* Plaintiff's Answers to Defendant QT's First Set of Interrogatories, No. 2, attached hereto as **Exhibit B**).

## THIS NOTICE IS PROCEDURALLY PROPER

10. Plaintiff's January 15, 2020 discovery responses are the first time any pleading, motion, order or other paper contained information from which it may be first ascertained that the case is one which is or has become removable.

11. Accordingly, this Notice of Removal is being filed within 30 days after receipt by QT of an "other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. §1446(b)(3). See *Phillips v. Lieffring*, 2017 WL 354289, at *1-2 (W.D. Mo. 2017) (30-day removal clock started when discovery answers, for the first time, revealed the amount in controversy exceeded $75,000); *Hesser v. Home Depot U.S.A., Inc.*, 2013 WL 1914435, at *2-3 (E.D. Mo. 2013) (where Petition is silent on damages, 30-day clock under §1441(b)(1) does not run; removal is timely within 30-days of defendant first learning amount in controversy is satisfied under §1441(b)(3)).

12. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

13. Pursuant to 28 U.S.C. §1446, QT is filing a Notice of Removal with the Court Administrator for Jackson County, Missouri, and QT will promptly serve the same upon Plaintiff's counsel.

PLEASE TAKE FURTHER NOTICE that, in the event Plaintiff seeks to remand this case or the Court considers remand, *sua sponte*, QT requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, QuikTrip Corporation prays that the above captioned case pending in the Circuit Court of Jackson County, Missouri, be removed to this federal court for further

proceedings based on diversity of citizenship jurisdiction, that this court take jurisdiction herein, and for any other and further relief as this court deems just and proper.

                ARMSTRONG TEASDALE LLP

                By: /s/ *Brian M. Nye*
                    Karrie J. Clinkinbeard    MO #51413
                    Brian M. Nye             MO #69545
                    2345 Grand Boulevard, Suite 1500
                    Kansas City, Missouri 64108-2617
                    816.221.3420
                    816.221.0786 (Facsimile)
                    kclinkinbeard@atllp.com
                    bnye@atllp.com

                ATTORNEYS FOR DEFENDANT QUIKTRIP CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 12, 2020, a true and accurate copy of the foregoing document was served upon the following via electronic mail:

Kirk R. Presley
Matthew A. McCoy
4801 Main Street, Suite 375
Kansas City, MO 64112
kirk@presleyandpresley.com
matthew@presleyandpresley.com
*Attorneys for Plaintiff*

                    /s/ *Brian M. Nye*