

Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print        GrantedPublicAccess **Logoff TKETCHUM10**

**1916-CV23439 - CARRIE MAYO V QUIKTRIP CORPORATION (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**                    Sort Date Entries: ● Descending        Display Options:
**Click here to Respond to Selected Documents**                      ○ Ascending          | All Entries ▼ |

---

**02/03/2020** ☐ **Cert Serv Resp Req Prod Doc Th**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** BRIAN NYE
**On Behalf Of:** QUIKTRIP CORPORATION

**01/15/2020** ☐ **Cert Serv Answers Interrog Fil**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** KIRK ROWAN PRESLEY

**01/08/2020** ☐ **Cert Serv Req Prod Docs Things**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** KIRK ROWAN PRESLEY

**01/06/2020** ☐ **Order**
Scheduling Order

**12/27/2019** ☐ **Proposed Order Filed**
SCHEDULING ORDER; Electronic Filing Certificate of Service.
**Filed By:** MATTHEW ALLEN MCCOY
**On Behalf Of:** CARRIE MAYO, QUIKTRIP CORPORATION, QUIKTRIP STORE #197

**12/11/2019** ☐ **Jury Trial Scheduled**
**Scheduled For:** 03/15/2021;  9:00 AM ;  JOHN M. TORRENCE;  Jackson - Kansas City

☐ **Order After Case Mgmt Conf**

☐ **Hearing Held**
**Scheduled For:** 12/11/2019;  10:00 AM ;  JOHN M. TORRENCE;  Jackson - Kansas City

**12/10/2019** ☐ **Cert Serv Req Prod Docs Things**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** KARRIE J CLINKINBEARD
**On Behalf Of:** QUIKTRIP CORPORATION

**11/07/2019** ☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** BRIAN NYE
**On Behalf Of:** QUIKTRIP CORPORATION

Case 4:20-cv-00099-BCW   Document 1-1   Filed 02/12/20   Page 1 of 39
EXHIBIT A

**Entry of Appearance Filed**
    **Filed By:** KARRIE J CLINKINBEARD
    **On Behalf Of:** QUIKTRIP CORPORATION

**Answer Filed**
Answer to Plaintiffs Petition for Damages; Electronic Filing Certificate of Service.
    **Filed By:** KARRIE J CLINKINBEARD

**09/12/2019**    **Notice of Service**
19-SMCC-9231; Electronic Filing Certificate of Service.

**Corporation Served**
Document ID - 19-SMCC-9231; Served To - QUIKTRIP CORPORATION; Server - ; Served Date - 10-SEP-19; Served Time - 09:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - SERV; BONNIE LOVE

**08/28/2019**    **Summons Issued-Circuit**
Document ID: 19-SMCC-9231, for QUIKTRIP CORPORATION.

**Case Mgmt Conf Scheduled**
    **Associated Entries: 12/11/2019 - Hearing Held**
    **Scheduled For:** 12/11/2019; 10:00 AM ; JOHN M. TORRENCE; Jackson - Kansas City

**08/27/2019**    **Filing Info Sheet eFiling**
    **Filed By:** KIRK ROWAN PRESLEY

**Note to Clerk eFiling**
    **Filed By:** KIRK ROWAN PRESLEY

**Pet Filed in Circuit Ct**
Petition for Damages.
    **On Behalf Of:** CARRIE MAYO

**Judge Assigned**

Electronically Filed - Jackson - Kansas City - August 27, 2019 - 11:01 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **CARRIE MAYO** | ) | |
| **1303 Valentine Road, Spt. 8** | ) | |
| **Kansas City, MO 64111** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | **Division:** |
| **QUIKTRIP CORPORATION,** | ) | |
| **d/b/a QuikTrip Store #197** | ) | |
| **Serve: CT Corporation System** | ) | |
| **120 South Central Ave.** | ) | |
| **Clayton, MO 63105** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Carrie Mayo, by and through undersigned counsel, and for her cause of action against Defendant QuikTrip Corporation, states and alleges as follows:

1. Plaintiff Carrie Mayo is, and was at all times relevant hereto, an individual and resident of Jackson County, Missouri, with an address of 1303 Valentine Road, Spt. 8, Kansas City, MO 64111.

2. Defendant QuikTrip Corporation ("QuikTrip") is, and was at all times relevant hereto, a corporation organized under the laws of the State of Oklahoma with its principal place of business in Oklahoma. Defendant QuikTrip has been authorized to conduct business in the State of Missouri, conducts substantial business in the Jackson County, State of Missouri and operates and owns a store located at 13100 Holmes Road, Kansas City, Missouri 64145.

3. Venue and jurisdiction are proper in this Court as the acts giving rise to this cause of action and the injuries sustained by Plaintiff all occurred in Jackson County, State of Missouri.

4. Defendant is the owner and operator of a QuikTrip convenience store located at 13100 Holmes Road, Kansas City, MO 64145 ("Defendant's QuikTrip") and was so on May 10, 2018.

5. Upon information and belief, at all times relevant hereto, Defendant was the owner of the property located at 13100 Holmes Road, Kansas City, MO 64145.

6. On or about May 10, 2018, Plaintiff was an invitee of Defendant's QuikTrip.

7. On or about May 10, 2018, Plaintiff slipped and fell on a clear liquid at Defendant's QuikTrip near the fountain drink area while as she was leaving the store.

8. Upon information and belief, the clear liquid on the floor of Defendant's QuikTrip was caused by the fountain drink machine leaking and/or by a spill that had occurred for an appreciable amount of time prior to Plaintiff's fall.

9. The clear liquid on the floor of Defendant's QuikTrip rendered the store in a condition not reasonably safe for invitees such as Plaintiff.

10. Defendant did not place any barricades around the clear liquid pooling on the floor of Defendant's QuikTrip.

11. Defendant did not post any warnings regarding the clear liquid pooling on the floor of Defendant's QuikTrip.

12. The clear liquid on the floor was present of an appreciable amount of time such that Defendant either knew or by using reasonable care could have known of the unsafe condition of Defendant's QuikTrip.

13. Defendant had a duty to use ordinary care to ensure Defendant's QuikTrip was in a reasonably safe condition for invitees such as Plaintiff.

14. Defendant breached its duty in one or more of the following ways:

   a. Failing to remedy the dangerous condition existing at Defendant's QuikTrip store, including failing to repair the leaking fountain drink machine and eliminating the clear liquid on the floor caused by the leaking fountain drink machine or spill;

   b. Failing to maintain the walkways of Defendant's QuikTrip in a condition reasonably safe for invitees, such as Plaintiff, walking on Defendant's QuikTrip store premises;

   c. Failing to warn invitees, such as Plaintiff, of the dangerous condition caused by the clear liquid pooling on the floor of Defendant's QuikTrip;

   d. Failing to barricade against the slick and saturated floor caused by the clear liquid pooling on the floor of Defendant's QuikTrip;

   e. Failing to inspect and discover the slick and saturated floor caused by the clear liquid pooling on the floor of Defendant's QuikTrip;

   f. Failing to implement policies and procedures that would have required employees to inspect and discover the slick and saturated floor caused by the clear liquid pooling on the floor of Defendant's QuikTrip; and

   g. For such other acts and omissions that may become apparent as discovery progresses.

15. As a direct and proximate result of such failures and the dangerous condition present at Defendant's QuikTrip, Plaintiff was caused to slip and fall at Defendant's QuikTrip.

16. As a direct and proximate result of such failures and the dangerous condition present at Defendant's QuikTrip, Plaintiff suffered injuries of a serious and permanent nature including:

    a. Past and future pain and suffering;

    b. Lost enjoyment of life;

    c. Incontinence;

    d. Injuries to her back, tailbone, elbow and lower ribs;

    e. Future medical expenses; and

    f. Loss of wages.

WHEREFORE, Plaintiff prays for Judgment against Defendant QuikTrip Corporation in such sum as is fair and reasonable, such sum to be in excess of $25,000.00, costs incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**PRESLEY & PRESLEY, LLC**

/s/ Matthew A. McCoy
Kirk R. Presley    MO #31185
Matthew A. McCoy  MO #68240
4801 Main Street, Ste. 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:    (816) 931-4646
Email: kirk@presleyandpresley.com
       matthew@presleyandpresley.com
*Attorneys for Plaintiff*

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

CARRIE MAYO,

                **PLAINTIFF(S),**          **CASE NO.** 1916-CV23439

**VS.**                                           **DIVISION 14**

QUIKTRIP CORPORATION,

                **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable JOHN M. TORRENCE on 11-DEC-2019 in DIVISION 14 at 10:00 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

    a.      A trial setting;

    b.      Expert Witness Disclosure Cutoff Date;

    c.      A schedule for the orderly preparation of the case for trial;

    d.      Any issues which require input or action by the Court;

    e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ JOHN M. TORRENCE
JOHN M. TORRENCE, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
MATTHEW ALLEN MCCOY, 4801 MAIN ST STE 375, KANSAS CITY, MO 64112

KIRK ROWAN PRESLEY, PRESLEY & PRESLEY LLC, 4801 MAIN STREET SUITE 375, KANSAS CITY, MO 64112

Defendant(s):
QUIKTRIP CORPORATION

Dated: 28-AUG-2019

MARY A. MARQUEZ
Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT **COURT**, **JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>JOHN M. TORRENCE | **Case Number: 1916-CV23439** |
| Plaintiff/Petitioner:<br>CARRIE MAYO | Plaintiff's/Petitioner's Attorney/Address<br>KIRK ROWAN PRESLEY<br>PRESLEY & PRESLEY LLC<br>4801 MAIN STREET SUITE 375<br>KANSAS CITY, MO 64112 |
| **vs.** | |
| Defendant/Respondent:<br>QUIKTRIP CORPORATION | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** QUIKTRIP CORPORATION<br>**Alias:** | |

RA: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

**COURT SEAL OF**



**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

28-AUG-2019
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                              Date                              Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 19-SMCC-9231 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
Case 4:20-cv-00099-BCW Document 1-1 Filed 02/12/20 Page 9 of 39
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

Revised 7/3/13                    Service Information - Attorney

Electronically Filed - Jackson - Kansas City - September 12, 2019 - 02:55 PM

SB 9/27



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JOHN M. TORRENCE | Case Number: 1916-CV23439 |
|---|---|
| Plaintiff/Petitioner:<br>CARRIE MAYO<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KIRK ROWAN PRESLEY<br>PRESLEY & PRESLEY LLC<br>4801 MAIN STREET SUITE 375 *3118S*<br>KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>QUIKTRIP CORPORATION<br>Nature of Suit:<br>CC Pers Injury-Other | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106<br><br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: QUIKTRIP CORPORATION
                          Alias:

RA: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105   *30 CT CORe*

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

28-AUG-2019
Date _____

_____
Clerk

*JACKSON COUNTY*

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

**LCW – B. LOVE** _____ (name) _____ INTAKE SPECIALIST _____ (title).

☐ other _____
       **CT CORPORATION**

Served at _____ (address)

in _____ *512* _____ (County/City of St. Louis, MO), on **SEP 10 2019** (date) at *9 A* (time).

**William Rinehart**
_____
Printed Name of Sheriff or Server

**Deputy Sheriff**

Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*         Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                          Date                                    Notary Public

### Sheriff's Fees

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*2019 SEP -3 A 10: 23  RECEIVED  ST. LOUIS COUNTY SHERIFF OFFICE*

*SEP 5 2019*

*19-SMCC-8434*

*9/6 B*

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 19-SMCC-9231**   1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00099-BCW   Document 1-1   Filed 02/12/20   Page 11 of 39

Electronically Filed - Jackson - Kansas City - September 12, 2019 - 02:55 PM

LOW – B.LOYE

CT CORPORATION

SEP 10, 2019

William Rinehart
Deputy Sheriff

Electronically Filed - Jackson - Kansas City - November 07, 2019 - 10:37 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

CARRIE MAYO,                          )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )
                                      )   Case No:  1916-CV23439
QUIKTRIP CORPORATION ,                )
                                      )
            Defendant.                )
                                      )

## ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Defendant QuikTrip Corporation ("QT"), by and through counsel,

submits the following Answer to Plaintiff's Petition for Damages:

1.      Defendant lacks sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 1 of Plaintiff's Petition for Damages and therefore denies the

same.

2.      Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Petition

for Damages.

3.      Paragraph 3 of Plaintiff's Petition for Damages states a legal conclusion to which

no response is required.  To the extent a response is deemed required, Defendant lacks sufficient

knowledge or information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's

Petition for damages and therefore denies the same.

4.      In response to Paragraph 4 of Plaintiff's Petition for Damages, Defendant admits

that it is the operator of the store located at 13100 Holmes Road, Kansas City, MO 64145 and

was so on May 10, 2018.  Defendant denies the remaining allegations contained in Paragraph 4

of Plaintiff's Petition for Damages.

5.      Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Petition for Damages.

6.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Petition for Damages.

7.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Petition for Damages and therefore denies the same.

8.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Petition for Damages and therefore denies the same.

9.      Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Petition for Damages and therefore denies the same.

10.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Petition for Damages and therefore denies the same.

11.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Petition for Damages and therefore denies the same.

12.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Petition for Damages and therefore denies the same.

13. Paragraph 13 of Plaintiff's Petition for Damages states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits it has a duty to use ordinary care to ensure a reasonably safe condition for invitees. Defendant denies they breached any duty to Plaintiff and denies any remaining allegations in Paragraph 13 of Plaintiff's Petition for Damages.

14. Defendant denies the allegations contained in Paragraph 14, including any and all subparts.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Petition for Damages.

16. Defendant denies the allegations contained in Paragraph 16, including any and all subparts.

## Affirmative and Additional Defenses

1. QT denies each and every allegation not specifically admitted herein.

2. Plaintiff's Petition for Damages fails to state a claim against QT upon with relief can be granted.

3. Any injuries or damages sustained by Plaintiff, which QT denies, were directly and/or proximately caused or contributed to by Plaintiff's negligence or fault.

4. Any injuries or damages sustained by Plaintiff, which QT denies, were directly and/or proximately caused or contributed to by the negligence or fault of other persons or entities not within QT's control.

5. Any injuries or damages sustained by Plaintiff, which QT denies, were not caused or contributed to in any degree by any negligence, fault or wrongdoing on the part of QT or any QT employees.

6.     If Plaintiff was injured or damaged, which QT denies, to the extent allegations of fault remain as to QT, the fault of Plaintiff and/or other persons or entities involved in the occurrence should be compared and/or apportioned so as to diminish or preclude recovery from QT.

7.     Plaintiff failed to use ordinary care while present at QT at or near the time of the alleged occurrence and such failure directly caused or contributed to any and/or all of Plaintiff's alleged damages.

8.     Plaintiff failed to keep a careful lookout and such failure caused or contributed to any and/or all of Plaintiff's alleged damages.

9.     QT contests the nature and extent of Plaintiff's alleged damages.

10.    If Plaintiff suffered any damage, which QT denies, such damages and any recovery should be reduced pursuant to Mo. Rev. Stat. § 490.715.

11.    QT is entitled to credit in the amount of any settlement Plaintiff receives from any tortfeasor, as such credit constitutes a satisfaction and offset pursuant to Mo. Rev. Stat. § 537.060.

12.    If Plaintiff suffered any damages, which QT denies, the alleged defect was open and obvious and Plaintiff's failure to recognize it directly caused and/or contributed to her alleged damages.

13.    If Plaintiff suffered any damages, which QT denies, the alleged defect was open and obvious and Plaintiff assumed any and all risk in going near, on and/or through the alleged defect.

14.    Plaintiff failed to mitigate her damages.

4

15. QT reserves the right to raise additional affirmative defenses as may be learned through discovery.

WHEREFORE having fully answered Plaintiff's Petition for Damages, QuikTrip Corporation prays for judgment in its favor and for its costs and reasonable attorney's fees and whatever further relief the Court deems just and proper under the circumstances.

ARMSTRONG TEASDALE LLP

By: */s/ Karrie J. Clinkinbeard*
    Karrie J. Clinkinbeard    #51413
    Brian M. Nye    #69545
    2345 Grand Boulevard, Suite 1500
    Kansas City, Missouri 64108-2617
    816.221.3420
    816.221.0786 (Facsimile)
    kclinkinbeard@armstrongteasdale.com
    bnye@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT QUIKTRIP CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of November, 2019, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.

*/s/ Karrie J. Clinkinbeard*
Attorney for Defendant QuikTrip Corporation

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

CARRIE MAYO,                              )
                                          )
                Plaintiff,                )
                                          )
vs.                                       )
                                          )        Case No:  1916-CV23439
QUIKTRIP CORPORATION ,                    )
                                          )
                Defendant.                )
                                          )

**ENTRY OF APPEARANCE**

    COMES NOW Brian M. Nye of the law firm of Armstrong Teasdale LLP and enters his

appearance on behalf of Defendant, QuikTrip Corporation, in the above captioned case.


ARMSTRONG TEASDALE LLP


By:  */s/ Brian M. Nye*_____
     Karrie J. Clinkinbeard       #51413
     Brian M. Nye            #69545
     2345 Grand Boulevard, Suite 1500
     Kansas City, Missouri 64108-2617
     816.221.3420
     816.221.0786 (Facsimile)
     kclinkinbeard@armstrongteasdale.com
     bnye@armstrongteasdale.com

     ATTORNEYS FOR DEFENDANT QUIKTRIP
     CORPORATION

Electronically Filed - Jackson - Kansas City - November 07, 2019 - 01:51 PM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 7th day of November, 2019, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.

*/s/ Brian M. Nye*
Attorney for Defendant QuikTrip Corporation

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

CARRIE MAYO,                     )
                                      )
           Plaintiff,           )
                                      )
vs.                                  )
                                      )      Case No: 1916-CV23439
QUIKTRIP CORPORATION ,     )
                                      )
           Defendant.       )
                                      )

**ENTRY OF APPEARANCE**

      COMES NOW Karrie J. Clinkinbeard of the law firm of Armstrong Teasdale LLP and

enters her appearance on behalf of Defendant, QuikTrip Corporation, in the above captioned

case.

                                    ARMSTRONG TEASDALE LLP


                                  By:   */s/ Karrie J. Clinkinbeard*_____
                                        Karrie J. Clinkinbeard       #51413
                                         Brian M. Nye             #69545
                                         2345 Grand Boulevard, Suite 1500
                                         Kansas City, Missouri 64108-2617
                                         816.221.3420
                                         816.221.0786 (Facsimile)
                                         kclinkinbeard@armstrongteasdale.com
                                         bnye@armstrongteasdale.com

                                         ATTORNEYS FOR DEFENDANT QUIKTRIP
                                         CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 7th day of November, 2019, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.

*/s/ Karrie J. Clinkinbeard*
Attorney for Defendant QuikTrip Corporation

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

CARRIE MAYO,                          )
                                      )
                Plaintiff,            )
                                      )
vs.                                   )
                                      )    Case No:  1916-CV23439
QUIKTRIP CORPORATION ,                )
                                      )
                Defendant.            )
                                      )

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2019 *Defendant QuikTrip Corporation's First Set*

*of Interrogatories to Plaintiff* and *Defendant QuikTrip Corporation's First Request for*

*Production to Plaintiff*, along with this Certificate of Service, were served in PDF and Word

format via electronic mail to:

Kirk R. Presley
Matthew A. McCoy
4801 Main Street, Ste. 375
Kansas City, MO 64112
Email: kirk@presleyandpresley.com
matthew@presleyandpresley.com


                          ARMSTRONG TEASDALE LLP


                    By: */s/ Karrie J. Clinkinbeard*
                          Karrie J. Clinkinbeard          #51413
                          Brian M. Nye                    #69545
                          2345 Grand Boulevard, Suite 1500
                          Kansas City, Missouri 64108-2617
                          816.221.3420
                          816.221.0786 (Facsimile)
                          kclinkinbeard@armstrongteasdale.com
                          bnye@armstrongteasdale.com

                    ATTORNEYS FOR DEFENDANT QUIKTRIP
                    CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 10th day of December, 2019, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.

*/s/ Karrie J. Clinkinbeard*
Attorney for Defendant QuikTrip Corporation

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

CARRIE MAYO )
     Plaintiff(s), )
vs. )   Case No. 1916-CV23439
)   Division 14
QUIKTRIP CORPORATION , )
     Defendant(s). )

**FILED**
**DIVISION 14**
**11-Dec-2019  10:36**
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _Tony Van Trump_

## CASE MANAGEMENT ORDER

Plaintiff(s) appear by ___McCoy___

Defendant(s) appear by ___Nye___ , _____ , _____ .

A copy of this order was hand-delivered to each party on this date.

1. Jury/Bench trial shall commence at 9:00 a.m. on ___3-15-21___ . It is estimated that the complete trial will last _____ days. It is understood that, absent extraordinary circumstances, the trial will not be continued. Judge JOHN M. TORRENCE is designated trial judge.

2. ☑ The parties have agreed to prepare a stipulated scheduling order and provide the order to the Court for signature within ten (10) days.   **OR**

  ☐ The parties shall comply with the following discovery schedule:

3. All necessary parties shall be added no later than _____ . All requests to file amendments to the pleadings shall be filed no later than _____ .

4. Plaintiff shall identify expert witnesses no later than _____ . Defendants shall identify expert witnesses _____ days thereafter.

5. Discovery shall close (all depositions taken and responses to timely propounded discovery requests served on requesting parties) on _____

6. All dispositive motions shall be filed no later than _____ .

7. A pretrial conference is scheduled for _____ a.m./p.m. on _____ .

8. Mediation shall take place no later than _____ . Mediation expenses shall be equally shared by the parties unless otherwise agreed.

___12-11-19___
DATE

_____
JOHN M. TORRENCE, CIRCUIT JUDGE

**Certificate of Service**

This is to certify that a copy of the foregoing was automatically forwarded to the attorneys of record through the Court's eFiling system. In addition, this certifies that a copy of the foregoing was hand delivered/faxed/ emailed/mailed to the following on _____.

BRIAN NYE, Attorney for Defendant, 2345 GRAND, SUITE 1500, KANSAS CITY, MO 64108

-, bnye@armstrongteasdale.com

KARRIE J CLINKINBEARD, Attorney for Defendant, STE 1500, 2345 GRAND BOULEVARD, KANSAS CITY, MO 64108

(816) 221-0786, kclinkinbeard@armstrongteasdale.com

MATTHEW ALLEN MCCOY, Attorney for Plaintiff, 4801 MAIN ST STE 375, KANSAS CITY, MO 64112

-, matthew@presleyandpresley.com

KIRK ROWAN PRESLEY, Attorney for Plaintiff, PRESLEY & PRESLEY LLC, 4801 MAIN STREET SUITE 375, KANSAS CITY, MO 64112

-, kirk@presleyandpresley.com

_____

Law Clerk /Judicial Administrative Assistant, Division 14

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **CARRIE MAYO** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1916-CV23439** |
| | ) | **Division: 14** |
| **QUIKTRIP CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**SCHEDULING ORDER**

COMES NOW the Parties, and jointly submit the following Scheduling Order:

1. This Case is set for a jury trial on March 15, 2021. The trial is expected to last 4 days and the parties request 60 jurors.

2. Motions for leave to amend the pleadings shall be filed no later than 6/1/2020.

3. Motions for leave to add additional parties shall be filed no later than 6/1/2020.

4. Plaintiffs shall designate their retained and non-retained testifying experts no later than 7/15/2020. Plaintiffs shall make their retained expert witnesses available for deposition by no later than 9/1/2020.

5. Defendant shall designate their retained and non-retained testifying experts by no later than 11/2/2020. Defendant shall make their retained expert witnesses available by no later than 12/6/2020.

6. All potentially dispositive motions shall be filed no later than 12/31/2020. No extensions shall cause the final sur-reply to be filed less than twenty (20) days prior to trial.

1

7.  A pre-trial conference is set for March 1, 2021. Lead Trial Counsel for each party must attend.

8.   All discovery shall be completed on or before November 27, 2020.

9.  Any of the above time deadlines, except the trial date, pre-trial conference and filing of dispositive motions may be changed by agreement of the parties without notice to the Court, as long as such changes do not affect the trial date.  Any desire to make changes without the agreement of the parties will require leave of Court.  In the event the parties choose to deviate from the Scheduling Order, such agreement should be documented by the parties.  Disputes over agreements to change time deadlines not documented will result in strict enforcement of this Scheduling Order.

10. Not later than fourteen (14) days before the pre-trial conference, the parties shall serve and file with the Court a designation by page and line, of any deposition testimony that the offering party intends to read/play at trial.  Not later than seven (7) days before the pre-trial conference, each party shall serve and file with the Court any objections to the other party's deposition designations and shall provide any counter-designations.  Not later than three (3) days before the pre-trial conference, the parties shall serve and file with the Court any objections to the other party's counter-designations.

11. Motions in Limine and supporting briefs shall be filed not later than ten (10) days before the pre-trial conference.  Briefs in opposition to Motions in Limine shall be filed not later than three (3) days before the pre-trial conference.

12. Proposed jury instructions shall be filed by the parties not later than ten (10) days before the trial date.

2

13. The Parties shall participate in mediation, with a mediator of their choice, on or
before July 10, 2020.

Respectfully submitted,

**PRESLEY & PRESLEY, LLC**

/s/ Matthew A. McCoy
Kirk R. Presley        MO #31185
Matthew A. McCoy      MO #68240
4801 Main Street, Ste. 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:    (816) 931-4646
Email: kirk@presleyandpresley.com
        matthew@presleyandpresley.com
*Attorneys for Plaintiff*



**ARMSTRONG TEASDALE LLP**

By: */s/ Brian M. Nye*
Karrie J. Clinkinbeard        #51413
Brian M. Nye                  #69545
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
816.221.3420
816.221.0786 (Facsimile)
kclinkinbeard@armstrongteasdale.com
bnye@armstrongteasdale.com

Attorneys for Defendant
QUIKTRIP CORPORATION

3

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2019 I electronically filed the foregoing with the Clerk of the Court with the Court which sent notice of electronic filing to all counsel of record.

/s/ Matthew A. McCoy
Attorney for Plaintiffs

4

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

CARRIE MAYO            )

                            )

        Plaintiff,       )

                            )

v.                         )     Case No.: 1916-CV23439

                            )     Division: 14

QUIKTRIP CORPORATION,   )

                            )

        Defendant.     )

**FILED**
**DIVISION 14**
**06-Jan-2020  14:44**
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _____

## SCHEDULING ORDER

COMES NOW the Parties, and jointly submit the following Scheduling Order:

1. This Case is set for a jury trial on March 15, 2021.  The trial is expected to last 4 days and the parties request 60 jurors.

2. Motions for leave to amend the pleadings shall be filed no later than 6/1/2020.

3. Motions for leave to add additional parties shall be filed no later than 6/1/2020.

4. Plaintiffs shall designate their retained and non-retained testifying experts no later than 7/15/2020.  Plaintiffs shall make their retained expert witnesses available for deposition by no later than 9/1/2020.

5. Defendant shall designate their retained and non-retained testifying experts by no later than 11/2/2020.  Defendant shall make their retained expert witnesses available by no later than 12/6/2020.

6. All potentially dispositive motions shall be filed no later than 12/31/2020.  No extensions shall cause the final sur-reply to be filed less than twenty (20) days prior to trial.

1

7. A pre-trial conference is set for March 1, 2021. Lead Trial Counsel for each party must attend.

8. All discovery shall be completed on or before November 27, 2020.

9. Any of the above time deadlines, except the trial date, pre-trial conference and filing of dispositive motions may be changed by agreement of the parties without notice to the Court, as long as such changes do not affect the trial date. Any desire to make changes without the agreement of the parties will require leave of Court. In the event the parties choose to deviate from the Scheduling Order, such agreement should be documented by the parties. Disputes over agreements to change time deadlines not documented will result in strict enforcement of this Scheduling Order.

10. Not later than fourteen (14) days before the pre-trial conference, the parties shall serve and file with the Court a designation by page and line, of any deposition testimony that the offering party intends to read/play at trial. Not later than seven (7) days before the pre-trial conference, each party shall serve and file with the Court any objections to the other party's deposition designations and shall provide any counter-designations. Not later than three (3) days before the pre-trial conference, the parties shall serve and file with the Court any objections to the other party's counter-designations.

11. Motions in Limine and supporting briefs shall be filed not later than ten (10) days before the pre-trial conference. Briefs in opposition to Motions in Limine shall be filed not later than three (3) days before the pre-trial conference.

12. Proposed jury instructions shall be filed by the parties not later than ten (10) days before the trial date.

2

13. The Parties shall participate in mediation, with a mediator of their choice, on or before July 10, 2020.

January 6, 2020
**DATE**

_____ _Signature_ _____
**CIRCUIT COURT JUDGE**

Respectfully submitted,

**PRESLEY & PRESLEY, LLC**

/s/ Matthew A. McCoy
Kirk R. Presley          MO #31185
Matthew A. McCoy    MO #68240
4801 Main Street, Ste. 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:     (816) 931-4646
Email: kirk@presleyandpresley.com
          matthew@presleyandpresley.com
_Attorneys for Plaintiff_


**ARMSTRONG TEASDALE LLP**

By:  _/s/ Brian M. Nye_
Karrie J. Clinkinbeard          #51413
Brian M. Nye                      #69545
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
816.221.3420
816.221.0786 (Facsimile)
kclinkinbeard@armstrongteasdale.com
bnye@armstrongteasdale.com

Attorneys for Defendant
QUIKTRIP CORPORATION

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2019 I electronically filed the foregoing with the Clerk of the Court with the Court which sent notice of electronic filing to all counsel of record.

/s/ Matthew A. McCoy
Attorney for Plaintiffs

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| **CARRIE MAYO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )    **Case No: 1916-CV23439** |
| **QUIKTRIP CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

<u>**CERTIFICATE OF SERVICE**</u>

I certify on this 8th day of January, 2020, Plaintiff's First Interrogatories to Defendant and

Plaintiff's First Request for Production of Documents to Defendant were sent by electronic mail and

U.S. Mail to:

ARMSTRONG TEASDALE LLP
Karrie J. Clinkinbeard
Brian M. Nye
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
kclinkinbeard@atllp.com
bnye@atllp.com
Attorneys for Defendant

Respectfully submitted,

**PRESLEY & PRESLEY, LLC**

/s/Matthew A. McCoy
Kirk R. Presley      MO# 31185
Matthew A. McCoy   MO# 68240
4801 Main Street, Suite 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:    (816) 931-4646
Email: kirk@presleyandpresley.com
       matthew@presleyandpresley.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

Electronically Filed - Jackson - Kansas City - January 08, 2020 - 01:10 PM

The undersigned hereby certifies that on January 8, 2020, the forgoing document was sent via U.S. Mail to the all counsel of record

/s/Matthew A. McCoy
Attorney for Plaintiffs

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| **CARRIE MAYO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )    **Case No: 1916-CV23439** |
| **QUIKTRIP CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I certify on this 15th day of January, 2020, Plaintiff's Answers to Defendant First Interrogatories

and Plaintiff's Responses to Defendant's First Request for Production of Documents  were sent by U.S.

Mail First Class Postage Prepaid to:

ARMSTRONG TEASDALE LLP
Karrie J. Clinkinbeard
Brian M. Nye
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
kclinkinbeard@atllp.com
bnye@atllp.com
Attorneys for Defendant

Respectfully submitted,

**PRESLEY & PRESLEY, LLC**

/s/Matthew A. McCoy
Kirk R. Presley      MO# 31185
Matthew A. McCoy   MO# 68240
4801 Main Street, Suite 375
Kansas City, MO 64112
Phone: (816) 931-4611
Fax:    (816) 931-4646
Email: kirk@presleyandpresley.com
       matthew@presleyandpresley.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 15, 2020, the forgoing document was sent via U.S. Mail to the all counsel of record

/s/Matthew A. McCoy
Attorney for Plaintiff

Electronically Filed - Jackson - Kansas City - February 03, 2020 - 01:18 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

CARRIE MAYO,                          )
                                      )
                Plaintiff,            )
                                      )
vs.                                   )
                                      )        Case No:  1916-CV23439
QUIKTRIP CORPORATION ,                )
                                      )
                Defendant.            )
                                      )

**CERTIFICATE OF SERVICE**

On February 3, 2020, Defendant QuikTrip Corporation served the following, along with this Certificate of Service, via electronic mail:

1.      Defendant QuikTrip Corporation's Objections and Answers to Plaintiff's First Interrogatories;

2.      Defendant QuikTrip Corporation's Objections and Responses to Plaintiff's First Request for Production of Documents; and

3.      Production Documents Bates-Labeled QT000002-QT000010; QT000013-15; and QT000056-68.

QuikTrip further certifies that it served QT000001 (a video thumbdrive) via regular U.S.

Mail on February 3, 2020 to:

Kirk R. Presley
Matthew A. McCoy
4801 Main Street, Ste. 375
Kansas City, MO 64112
kirk@presleyandpresley.com
matthew@presleyandpresley.com

ARMSTRONG TEASDALE LLP


By: */s/ Brian M. Nye*
    Karrie J. Clinkinbeard    #51413
    Brian M. Nye    #69545
    2345 Grand Boulevard, Suite 1500
    Kansas City, Missouri 64108-2617
    816.221.3420
    816.221.0786 (Facsimile)
    kclinkinbeard@atllp.com
    bnye@atllp.com

ATTORNEYS FOR DEFENDANT QUIKTRIP
CORPORATION